UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY SATTERFIELD, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LIME ENERGY CO., JOHN O'ROURKE, and JEFFREY MISTARZ,<br><br>Defendants. | No. 1:12-cv-05704<br><br>CLASS ACTION<br><br>Judge Sara L. Ellis |

## ORDER OF PRELIMINARY APPROVAL

The Court having reviewed and considered Lead Plaintiffs and proposed Class Plaintiffs/class representatives Jamie Fang ("Fang") and Kevin J. Fetzer ("Fetzer")'s Unopposed Motion for Preliminary Approval of Class Action Settlement and Notice to the Settlement Class (the "Motion"), as well as all papers submitted in support thereof, and having reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Stipulation of Settlement (the "Stipulation"), a copy of which has been submitted with the Motion and the terms of which are incorporated herewith, and all other prior proceedings in this Action, good cause for this Order having been shown:

**IT IS HEREBY ORDERED**:

1. The terms of the Stipulation are hereby preliminarily approved, subject to further consideration at the Final Approval Hearing provided for below. Capitalized terms used in this Order that are not otherwise defined herein have the meaning assigned to them in the Stipulation. The Court concludes that the Settlement is sufficiently within the range of reasonableness to warrant the conditional certification of the Settlement

Class, the scheduling of the Final Approval Hearing, and the dissemination of Notice to Class Members, each as provided for in this Order.

## Conditional Certification of the Class

2. For purposes of settlement only, and pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), this Action is conditionally certified as a class action on behalf of the following persons (the "Settlement Class" or the "Class"):

> All persons who purchased or otherwise acquired Lime Securities during the Class Period, May 14, 2008 through December 27, 2012, both dates inclusive. Excluded from the Class are Defendants, all current and former directors and officers of Lime during the Class Period, members of their families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

Lead Plaintiffs Fang and Fetzer are conditionally certified as the representatives for the Settlement Class, and the law firm of Pomerantz LLP is conditionally certified as Class Counsel. This conditional certification of the Class, class representatives, and Class Counsel are solely for purposes of effectuating the Settlement. If the Stipulation is terminated or is not consummated for any reason, the foregoing conditional certification of the Class and appointment of the class representatives shall be void and of no further effect and the Parties to the Stipulation shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Stipulation might have asserted in the Action.

## Stay Order

3. The Court orders the stay of any pending litigation and enjoins the initiation of any new litigation by any Class Member in any court, arbitration, or other tribunal that includes any Released Claims (as defined in the Stipulation) against the

Defendants' Releases Parties (as defined in the Stipulation) generally and the above-captioned Defendants specifically.

### Form and Timing of Notice

4. As soon as practicable after entry of this Order, but no later than within 15 days of the entry of the Order of Preliminary Approval, the designated Claims Administrator shall provide individual notice via mail, substantially in the form of *Exhibit A-1* to the Stipulation, to each Class Member identified by records maintained by Lime or its transfer agent using the addresses contained in those records ("Direct Mail"). The Claims Administrator shall also cause to be published in a national business internet newswire a Summary Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing, substantially in the form of *Exhibit A-3* to the Stipulation.

5. The Court also approves the proposed Proof of Claim substantially in the form of *Exhibit A-2* to the Stipulation.

6. The Cost of providing the Notice to the Settlement Class as specified in this Order shall be paid as set forth in the Stipulation.

7. The Notice to be provided as set forth in this Order is hereby found to be the best means of notice to members of the Class as is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Stipulation and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement or the Final Approval Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

### Request For Exclusion

8. Any member of the Settlement Class may request exclusion from the

Settlement Class and this Action in the manner and with the consequences described herein, providing that all such Requests for Exclusion must be postmarked or received by the Settlement Administrator no later than fourteen (14) days prior to the Final Approval Hearing (the "Opt-Out/Objection Deadline"). Such request for exclusion shall be in a form that sufficiently identifies (1) the name and address of the person(s) or entity seeking exclusion, and (2) a list of all transaction(s) involving Lime common stock during the period May 14, 2008 through December 27, 2012, including the number of shares, principal amount and trade date of each purchase and sale.

Settlement Administrator:
*Satterfield v. Lime Energy Co.*
c/o Rust Consulting, Inc.
Claims Administrator
P. O. Box 8095
Faribault, MN 55021-9495
Telephone: 1-877-872-3809

9. The Settlement Administrator shall file with the Court no later than seven (7) days prior to the Final Approval Hearing a list of all elections to opt out received by the Settlement Administrator by the Opt-Out/Objection Deadline.

10. Any Class Member that does not file a timely and complete Request for Exclusion from the Settlement by the Opt-Out/Objection Deadline will be bound by the Stay Order and the Stipulation.

11. Any Class Member that files a timely and complete Request for Exclusion from this Settlement by the Opt-Out/Objection Deadline may proceed with his/her own action.

### Final Approval Hearing; Right to Appear and Object

12. A Final Approval Settlement Hearing (the "Final Approval Hearing")

shall take place before the undersigned, United States District Judge Sara L. Ellis, in Courtroom 1719, United States District Court for Northern District of Illinois, Evert McKinley Dirksen Building, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, on May 13, 2014, at 12:30 p.m., to determine:

    (a)    Whether the Court should certify the Settlement Class and whether the Class Plaintiffs and their counsel have adequately represented the Class;

    (b)    Whether the Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable, and adequate;

    (c)    Whether the proposed Plan of Allocation is fair, just, reasonable, and adequate;

    (d)    Whether the Action should be dismissed on the merits and with prejudice as to the Settling Defendants;

    (e)    Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action;

    (f)    Whether the application for attorneys' fees and expenses to be submitted by Class Counsel should be approved;

    (g)    Whether the application for a reimbursement award to be submitted by Class Plaintiffs should be approved; and

    (h)    Such other matters as the Court may deem necessary or appropriate.

The Court may finally approve the Stipulation at or after the Final Approval Hearing with any modifications agreed to by the Parties and without further notice to the Class Members.

13. Any Class Member and any other interested person may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection with its consideration of those matters, unless on or before the Opt-Out/Objection Deadline, such person:

(a) Files with the Court a notice of such person's intention to appear, together with a statement setting forth such person's objections, if any, to the matter to be considered and the basis therefore, together with any documentation that such person intends to rely upon at the Final Approval Hearing; and

(b) Serves copies of all such materials either by hand delivery or by first-class mail, postage prepaid, upon the following counsel and the Court by the Opt-Out/Objection Deadline:

*For* Class Counsel:
Leigh Handelman Smollar, Esq.
Pomerantz LLP
Ten South La Salle St., Ste. 3505
Chicago, IL 60603

*For* Defendants' Counsel:
Melanie E. Walker, Esq.
Sidley Austin, LLP
One South Dearborn Street
Chicago, IL 60603

Court:
Clerk of the Court
United States District Court for Northern District of Illinois, Everett McKinley Dirksen Building, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604

6

(c) Class Counsel shall file all papers, including memoranda or briefs in support of the Stipulation, no later than seven (7) days prior to the Final Approval Hearing.

(d) Class Counsel shall file any motion for an award of attorneys' fees and reimbursement of expenses no later than thirty (30) days prior to the Final Approval Hearing.

14. The Court may adjourn the Final Approval Hearing, including the consideration of the motion for attorneys' fees and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Final Approval Hearing or any adjournment thereof.

15. Any member of the Settlement Class who fails to request exclusion from the Settlement Class or who fails to object in the manner prescribed herein shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, or which otherwise were at issue in the Action.

## Other Provisions

16. Neither the Stipulation nor any provision therein, nor any negotiations, statements, or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any of the Class Plaintiffs, Class Counsel, any Class Members, Lime, John O'Rourke, Jeffrey Mistarz, the Released Parties (as defined in the Stipulation), or any other person, of liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the

Action are or are not meritorious, and neither the Stipulation nor any such communications shall be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Class Plaintiffs, or any Class Members or any person has or has not suffered any damage.

17. In the event that the Settlement is terminated or is not consummated for any reason, the Stipulation and all proceedings had in connection therewith shall be null and void, and without prejudice to the rights of the parties to the Stipulation before it was executed.

**SO ORDERED** in the Northern District of Illinois on January 28, 2014.

UNITED STATES DISTRICT JUDGE
SARA L. ELLIS