**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JEFFREY SATTERFIELD, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LIME ENERGY CO., JOHN O'ROURKE, DAVID R. ASPLUND, and JEFFREY MISTARZ,<br><br>Defendants. | **No. 1:12-cv-05704**<br><br>CLASS ACTION<br><br>Hon. Sara L. Ellis<br><br>Magistrate Judge Daniel G. Martin |

**DECLARATION OF LOUIS C. LUDWIG, ESQ. IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND REIMBURSEMENT PAYMENT TO CLASS REPRESENTATIVES**

I, Louis C. Ludwig, declare as follows:

1. I am an attorney at the law firm of Pomerantz LLP ("Pomerantz" or "Lead Counsel"), counsel for Plaintiffs Jamie Fang ("Fang") and Kevin J. Fetzer ("Fetzer") (collectively, "Lead Plaintiffs"). A description of the identification and background of my firm and its members is attached hereto as <u>Exhibit 1</u>. I have been actively involved in the initiation, prosecution and resolution of this action (the "Litigation" or "Action"), am familiar with its proceedings, and have personal knowledge of the matters set forth herein based upon my active participation in all aspects of the Litigation.

2. This Declaration is submitted in support of (i) the request for attorneys' fees which represent 30% of the Settlement Fund, or a 1.16 multiplier based on Lead Counsel's lodestar of $646,609; (ii) the award of $41,409 in unreimbursed expenses incurred by Lead Counsel in connection with this Litigation; and (iii) the award of $1,000 each to Lead Plaintiffs Fang and

Fetzer for the time that they expended in fulfilling their responsibilities as Lead Plaintiffs and Class Representatives.

3. As set forth in the Stipulation of Settlement dated January 21, 2014 ("Stipulation"), the proposed Settlement is on behalf of investors who purchased common stock of Lime Energy ("Lime") between May 14, 2008 and December 27, 2012, both dates inclusive (the "Class"). Defendants are Lime, John O'Rourke, David R. Asplund, and Jeffrey Mistarz. The Consolidated Amended Complaint ("Complaint") asserted that Defendants materially inflated the prices of Lime common stock by issuing false and material misstatements during the Class Period regarding Lime's financial results.

4. The hearing for final approval of the Settlement is scheduled for May 13, 2014 at 12:30 p.m. Notice of the Settlement hearing, and Class Members' rights with respect thereto, was initially mailed on February 12, 2014 and published thereafter in summary form, as directed by the Court's Order of Preliminary Approval dated January 28, 2014.

5. Class Members have until April 29, 2014 to file objections to the Settlement, Plan of Allocation, Attorneys' Fees and Reimbursement, or to otherwise exclude themselves from the Class and thereby not participate in the Settlement. Lead Counsel will respond to any objections by May 6, 2014.

**Attorneys' Fees and Expenses**

6. Lead Counsel expended over 933 hours prosecuting this Action over the last two years, entirely on a contingent bases. Based on rates ordinarily charged by Lead Counsel, the total lodestar (*i.e.*, hours times rate per hour) is $646,609 as of April 14, 2014. *See* Exhibit 2 hereto. None of the time associated with this fee request has been included in the lodestar.

7. Additional time will be incurred in seeking final approval of the Settlement, and supervising administration of the Settlement Fund.

8. All of the time incurred by each attorney who worked on this case, and each attorney's billing rate is reflected in the lodestar report, Exhibit 2, submitted herewith.

9. Lead Counsel seeks approval of an award of fees representing 30% of the Settlement Fund, or a 1.16 multiplier of the lodestar. As set forth in the accompanying Memorandum of Law, this amount is reasonable and well within the range of awards in this Circuit.

10. In connection with this Litigation, Lead Counsel conducted an exhaustive investigation and prosecution of this case, including:

- Examination of analyst reports and energy company analysts covering Lime throughout the Class Period;
- Examination of SEC filings made by Lime prior to and during the entire Class Period;
- Interview of numerous former Lime employees throughout the United States;
- Drafting of an initial complaint and the Consolidated Amended Complaint;
- Analysis of 47,000 documents produced by Lime;
- Examination of Defendants Mirstarz and O'Rourke;
- Research and briefing of Defendants' motion to Dismiss, as well as multiple sur-replies to Defendants' additional filings;
- Examination of Lime's business and relevant accounting principles for preparation of an accounting report for use in the Litigation;
- Damages analysis with consulting experts;
- Preparation of a comprehensive mediation statement;
- Analysis of D&O Coverage for mediation;
- Attendance at an arms-length mediation with the assistance of a JAMS mediator;
- Multiple follow-up contacts with the mediator and separately with Defendants' Counsel as part of the mediation and eventual settlement of the Action;
- Close supervision of Claims Administrator, including discussions to reduce costs to the Class for notice and processing the Settlement Fund;

- Consultations throughout the Litigation with Lead Plaintiffs;
- With the aid of consulting experts, drafting a Plan of Allocation;
- Drafting motions and supporting documents for Preliminary Approval of the Settlement and certification of a Settlement Class; and
- Drafting documents in support of the Final Approval of Settlement.

11. Notable among the work conducted by Lead Counsel is the fact that the restatement issued by Lime regarding the financial improprieties at issue corroborated specific allegations found in the Complaint. The investigation by Lead Counsel occurred moths prior to the Lime's restatement on July 31, 2013. Without the restatement to rely upon, Lead Counsel were able to identify the location of the division within Lime where the accounting improprieties primarily occurred, as well as the individuals who conducted the improper accounting.

12. Lead Counsel's review of the more than 47,000 documents produced by Defendants for discovery in connection with the Settlement yielded information that, in Class Counsel's estimation, establishes the requisite *scienter* that Lead Counsel would have needed to satisfy its burden to the jury. Based upon the review of said documents and the investigation of former Lime employees, Lead Counsel believes that they would have been able to demonstrate that the manipulation of the Lime's revenues by a division of the Company located in New Jersey was transmitted up through Lime's executive hierarchy during the Class Period.

13. In sum, although formal discovery was stayed, Lead Counsel's investigations and document review established a basis to continue prosecuting this Action had the parties not reached this Settlement.

14. As indicated by the results achieved, the time was well spent, which warrants an appropriate fee award. Significantly, the requested fee was negotiated with Lead Plaintiffs and discussed with independent counsel to determine the reasonableness of the request.

15. The fee requested is consistent with awards by other Courts in this District and Circuit, and is appropriate given the very real risk that Lead Counsel might have come up with significantly less given Defendants' defenses to *scienter* and loss causation.

**Approval of Expenses**

16. Lead Counsel also request reimbursement of expenses incurred in connection with the prosecution of these claims totaling $41,409. These expenses are itemized in the expense report, Exhibit 3, hereto. A significant portion of such expenses were incurred by Lead Plaintiffs' damages consultants and investigators, as well as mediation costs. The investigation expenses were well worth the cost, given the thorough identification of the facts surrounding the accounting manipulations identified in the Complaint, as noted in paragraph 11, above. Moreover, the damages analysis was crucial to ascertaining the trading volume during the Class Period given the large percentage of the outstanding shares held by insiders and certain large investors.

17. This request does not include expenses incurred in connection with notification of the Class, as well as the administration of claims submitted on the Settlement Fund. Such expenses are being paid for out of the notice escrow account funded from the Settlement. Any additional costs by Rust Consulting, Inc., the Settlement Administrator, in connection with the administration of the Settlement Fund will be itemized and requested at the time of the distribution of the Settlement Fund.

**Compensatory Award for Lead Plaintiffs**

18. The Court appointed Fang and Fetzer to serve as Lead Plaintiffs in this Action. Fang and Fetzer fulfilled this responsibility admirably, expending time in one-on-one teleconference calls with Lead Counsel during the prosecution of this Action. They reviewed

copies of the initial complaint, and reviewed drafts of the Amended Consolidated Complaint prior to its filing with the Court. They also reviewed drafts of the opposition to the Motion to Dismiss and sur-replies thereto filed by Lead Counsel, and authorized the Settlement of the Action as part of the mediation process.

19. As part of the appointment as Lead Plaintiffs, and in preparation for motions for class certification, Fang and Fetzer produced their trading records and searched their files for any relevant documents related to Lime. As such, they were prepared to make an initial discovery exchange in support of class certification.

20. No settlement demands were made upon Defendants without prior approval of Fang and Fetzer, who were consulted regarding all claims and potential damages.

21. Based upon the time Fang and Fetzer invested in this case, Lead Plaintiffs seek a compensatory of $1,000 each, for a total of $2,000.

## **CONCLUSION**

For the reasons set forth herein and in the Memorandum of Law submitted herewith, Lead Plaintiffs and Lead Counsel respectfully request the approval of their requests for Attorneys' Fees and Expenses, and a Compensatory Award to Lead Plaintiffs.

Dated: April 14, 2014

        **POMERANTZ LLP**

        /s/ *Louis C. Ludwig*
        Louis C. Ludwig
        10 South LaSalle Street, Suite 3505
        Chicago, IL 60603
        Telephone: 312-377-1181
        Facsimile: 312-377-1184

        **POMERANTZ LLP**
        Patrick V. Dahlstrom
        Leigh Handelman Smollar

Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Tel: (312) 377-1181
Fax: (312) 377-1184

*Counsel for Lead Plaintiffs and the Class*