UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY SATTERFIELD, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> LIME ENERGY CO., JOHN O'ROURKE, and JEFFREY MISTARZ, <br><br> Defendants. | No. 1:12-cv-05704 <br><br> CLASS ACTION <br><br> Judge Sara L. Ellis |

## ORDER OF FINAL APPROVAL AND FINAL JUDGMENT

THIS MATTER is before the Court upon Class Plaintiffs Jamie Fang ("Fang") and Kevin J. Fetzer ("Fetzer")'s Motion for Final Approval of Class Action Settlement (the "Motion"). The Court has carefully reviewed this Motion and the entire court file and is otherwise fully advised in the premises.

Class Plaintiffs Fang and Fetzer (collectively, "Class Plaintiffs") have submitted for final approval a proposed settlement of this class action, which is unopposed by Defendants Lime Energy Co., John O'Rourke, and Jeffrey Mistarz (the "Settling Defendants"). Capitalized terms used in this Order that are not otherwise identified herein have a meaning assigned to them in the Stipulation of Settlement (the "Stipulation").

By an Order of Preliminary Approval [Dkt. No. 98 ] dated January 28, 2014 (the "Order of Preliminary Approval"), the Court preliminarily approved the proposed Stipulation by the Parties based on the terms and conditions of the Unopposed Motion for Preliminary Approval of Class Action Stipulation of Settlement and Notice to the Settlement Class, [Dkt. No. 88] (the "Motion for Preliminary Approval") and the Stipulation attached as Appendix 1 to the Motion

1

for Preliminary Approval, subject to further consideration at the Final Approval Hearing conducted on January 28, 2014. In its Order of Preliminary Approval, the Court conditionally certified the Action to proceed as a class action for settlement purposes only and temporarily certified Class Plaintiffs as representative of the following class:

> All persons who purchased or otherwise acquired Lime Securities during the Class Period, May 14, 2008 through December 27, 2012, both dates inclusive. Excluded from the Class are Defendants, all current and former directors and officers of Lime during the Class Period, members of their families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

The Court also ordered that the Notice of proposed settlement and right to request exclusion, attached as *Exhibit A-1* to the Stipulation (the "Notice of Proposed Settlement"), be mailed no later than within fifteen (15) days of the entry of the Order of Preliminary Approval, substantially in the form of *Exhibit A-1* to the Stipulation, to each Class Member identified by records maintained by the Settling Defendants or their transfer agent using the addresses contained in those records ("Direct Mail"). The Court further ordered that the Claims Administrator cause a separate notice to be published in a national business internet newswire, substantially in the form of *Exhibit A-3* to the Stipulation.

On June 4, 2014, the Court conducted a Final Approval Hearing to determine:

    a.    Whether the Court should certify the Settlement Class and whether Class Plaintiffs and their counsel have adequately represented the Class Members;

    b.    Whether the Settlement, on the terms and conditions provided for in the Settlement Agreement, should be finally approved by the Court as fair, reasonable, and adequate;

    c.    Whether the proposed Plan of Allocation is fair, just, reasonable, and adequate;

    d.    Whether the Action should be dismissed on the merits and with prejudice

2

as to the Settling Defendants;

  e. Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action;

  f. Whether the application for attorneys' fees and expenses to be submitted by Class Counsel in connection with the Final Approval Hearing to which the Settling Defendants do not oppose should be approved; and

  g. Whether the application for a reimbursement award to Class Plaintiffs to be submitted in connection with the final settlement hearing to which the Settling Defendants does not oppose should be approved.

All interested persons were afforded the opportunity to be heard. The Court has duly considered all of the submissions and arguments presented on the proposed Settlement and Stipulation thereof. After due deliberation and for the reasons set out below, the Court has determined that the Settlement and Stipulation thereof is fair, reasonable, and adequate and should therefore be approved.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Final Approval of Class Action Settlement [Dkt. No. 111] be approved and the same is hereby **GRANTED** as follows:

  1. On June 4, 2014, the Court held a Final Approval Hearing, after due and proper notice, to consider the fairness, reasonableness and adequacy of the proposed Stipulation of Settlement (the "Stipulation"). In reaching its decision in this Action, the Court considered the Parties' Stipulation, the Court file in this case, and the presentations by Class Counsel on behalf of the Class Plaintiffs and the Class and counsel for the Settling Defendants in support of the fairness, reasonableness, and adequacy of the Settlement.

3

2. As recognized in the Order of Preliminary Approval [Dkt. No. 98], the Court previously certified a Class for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3).

3. The Court hereby affirms its decision certifying that Class and approving the Stipulation. The Court finds that the requirements for approving a settlement class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been met.

4. In the Order of Preliminary Approval, the Court preliminarily approved the Notice and found that the proposed form and content of the Notice to the Class Members satisfied the requirements of due process, as well as the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u4(a)(7). The Court reaffirms that finding and holds that the best practicable notice was given to Class Members under the circumstances and constitutes due and sufficient notice of the Settlement, Stipulation in support thereof, and Final Approval Hearing to all persons affected by and/or entitled to participate in the Stipulation or the Final Approval Hearing. Furthermore, the Court hereby affirms that due and sufficient notice has been given to the appropriate State and Federal officials pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C § 1715 [*see* Dkt. No. 110].

5. The Court has determined that the Stipulation is fair, reasonable, and adequate and should be approved. In making this determination, the Court has considered factors with respect to fairness, which include "the strength of plaintiffs' case compared to the amount of defendants' settlement offer, an assessment of the likely complexity, length and expense of the litigation, an evaluation of the amount of opposition to settlement among affected parties, the opinion of competent counsel, and the stage of the proceedings and the amount of discovery completed at the time of settlement." *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d

646, 653 (7th Cir. 2006) (*quoting Isby v. Bayh,* 75 F.3d 1191, 1199 (7th Cir. 1996)).

The Court has considered the submissions of the Parties, and the confirmatory discovery conducted in this case, along with the Court file, all of which show that there remains substantial risk and uncertainty in Class Plaintiffs and the Settlement Class ultimately prevailing on their claims. Given the considerable open issues, the benefits available directly to the Class Members represent a fair, reasonable, and adequate resolution. that can be summarized as follows:

The Settling Defendants have agreed to cause $2,500,000 in cash (the "Settlement Fund" or "Settlement Consideration") to be paid for the benefit of the Class. Among other things, the recovery of individual Class Members depends on the number of shares of Lime Securities those Class Members purchased and sold and the prices at which Class Members who filed claims purchased and sold those shares.

6. The Court finds that the proposed Plan of Allocation is fair, just, reasonable, and adequate.

7. The Court finds that there were no objections filed to the Stipulation.

8. In addition to finding the terms of the proposed Stipulation to be fair, reasonable, and adequate, the Court determines that there was no fraud or collusion between the parties or their counsel in negotiating the Stipulation's terms, and that all negotiations were made at arm's length. Furthermore, the terms of the Stipulation make it clear that the process by which the Settlement was achieved was fair. Finally, there is no evidence of unethical behavior, want of skill, or lack of zeal on the part of Class Counsel.

9. This Order shall be binding on all Settlement Class Members, including Class Plaintiffs. All Settlement Class Members hereby release and discharge the Released Parties (as defined in the Settlement Agreement) from all "released claims," where "Released Parties" is

5

defined as:

> .... each and every past and current Defendant and, whether or not identified in any complaint filed in the Action, each Defendant's respective families, associates, affiliates, and each and all of their past or present directors, officers, employees, partners, member firms or affiliates, principals, agents, predecessors, successors, parents, subsidiaries, divisions, joint ventures, attorneys, accountants, insurers, co-insurers and reinsurers, assigns, spouses, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, personal or legal representatives, estates, administrators, predecessors, successors and assigns or other individuals or entities in which Defendants have a controlling interest or which is related to or affiliated with Defendants, associates, related or affiliated entities, or any members of their immediate families, or any trusts for which any of them are trustees, settlers or beneficiaries.

10. All Settlement Class Members are hereby barred and permanently enjoined from asserting any of the Released Claims against the Released Parties in any court or forum whatsoever, and the Action is dismissed on the merits, with prejudice and without costs to any party, except as provided herein.

11. The Court finds that the law firm preliminarily approved as Class Counsel in its prior Order of Preliminary Approval [Dkt. No. 98], is comprised of competent and experienced attorneys and has adequately and aggressively represented the interests of the Class Members. The Court therefore certifies and appoints the law firm of Pomerantz LLP to serve as Class Counsel on behalf of the Class.

12. The Court hereby certifies Plaintiffs as Class Plaintiffs representing the Class defined herein. The terms of the Stipulation provide that the Settlement Fund may be utilized to pay a reimbursement award to the Class Plaintiffs, and the Court hereby awards the Class Plaintiffs a reimbursement award of $1,000.00 each.

13. The Court hereby awards Class Counsel $750,000.00 in attorneys' fees and $41,409.00 in expenses.

6

14. Without affecting the finality of this Final Approval Order and Judgment, the Court reserves continuing and exclusive jurisdiction over all matters relating to the administration, implementation, effectuation, and enforcement of the Stipulation of Settlement.

**SO ORDERED** in the Northern District of Illinois on ___JUN 04___, 2014.

_____
HONORABLE SARA L. ELLIS
UNITED STATES DISTRICT JUDGE

7